THOMPSON *v.* HALL and others.[1]

*(Circuit Court, E. D. New York.   July 24, 1885.)*

1. PATENTS FOR INVENTIONS.
    Upon a full consideration of the evidence in this case, *held*, that Moses C. Johnson was not the first inventor of the combination described in the patent No. 232,975, of October 5, 1880, to Henry G. Thompson, as assignee of Johnson.

2. SAME.
    The decision of this case turned on a question of time, as to when a certain model was made, and, the evidence showing it to have been made at a period subsequent to that alleged by plaintiff, it was held that his assignor was not the first inventor of the improvements claimed by the patent.

In Equity.

*Horace Barnard*, for complainant.

*Amos Broadnax* and *J. Edgar Bull*, for defendants.

BENEDICT, J.   This action is founded upon letters patent No. 232,-975, dated October 5, 1880, issued to Henry G. Thompson, assignee of Moses C. Johnson, for an improvement in cutting-pliers. The bill charges infringement, and prays for damages and an injunction.

The question at issue is whether the combination described in the plaintiff's patent was invented by Moses C. Johnson while an employe of a corporation styled "The Interchangeable Tool Company," which corporation was engaged in the manufacture of cutting-pliers under a patent issued to the defendant Hall, then the president of that corporation. In support of the averment that Moses C. Johnson was the first inventor of the combination in question the plaintiff produces a model, known in the case as "Defendants' Exhibit C," which model embodies the invention in question, and was made, as the plaintiff has sought to prove, while Johnson was in the employ of the Interchangeable Tool Company. On the other hand, the defendants assert, and have sought to prove, that this model was not made by Johnson while employed by the Interchangeable Tool Company, but after John-

---

[1] Reported by Charles C. Linthicum, Esq., of the Chicago bar.

son had been discharged from that employment, and for the purpose of supporting a fraudulent claim to an invention really discovered by the defendant Hall, put forth for the first time by Johnson after he had been discharged from the service of the Interchangeable Tool Company.

In one aspect the decision of the case depends upon a question of time; that is to say, whether this model, (Exhibit C,) composed of brass and iron, was made when Johnson says it was, while he was a workman for Hall's company, or at a date subsequent to Hall's discharge of Johnson. Upon this question much testimony has been taken on both sides. Upon a full consideration of all the evidence my conclusion is that Exhibit C was not made when Johnson says it was, but subsequent to Johnson's leaving the employment of the Interchangeable Tool Company, and that Moses C. Johnson was not the first inventor of the combination described in the patent issued to the plaintiff as assignee of Johnson. There must therefore be a decree dismissing the bill, with costs.